Mr. Chief Justice Bingham
delivered the opinion of the Court:
This was a suit on behalf of John Cox,- an infant, by his next friend, Seignelay C. Elliott, against the defendants (all of whom are infants except Catharine Cox, the widow, and Patrick Cox, administrator of the estate of William Cox, deceased), for the partition or sale of lot 116, in subdivision of part of square No. 510, of which it is alleged the said William Cox died seized.
The bill alleges that “it will be to the interest and advantage, &c., to have partition made, or in case that cannot be had, that the same may be sold.-” .
The. infants, by their guardian ad litem, filed their *6 answers in the usual form — that, being infants, they submit their rights to the court.
The defendant, Catharine Cox, substantially admits all the allegations of the bill.
The administrator admits the allegations of the bill and states the amount of the debts against the estate to be $1,424.48 on the 27th' of April, 1887; that thé amount realized from sale of personal estate was $399.59, and that he consents to a sale of the real estate, and asks that before distribution of the proceeds of sale he be paid so much as may be necessary to pay debts.
Replications were filed to the answer of Mrs. Cox, also to the answers of the infants and the administrator.
Some testimony was taken in relation to the propriety of partition, or as to whether the premises were divisible without injury and as to the value of the premises. Upon the hearing the court decreed a sale of the property, and the trustees advertised the property, and on the 8th day of June, 1887, sold it to one Owen Shugrue, for the sum of $4,425.
The appellant, Shugrue, refused to comply with the terms of sale, and upon a rule issued on the 23d of July, 1887, to show cause why he did not comply, he, on the 29th of July, 1887, filed his answer setting forth his reasons for not complying, which were substantially as follows:
1. That there was error because the decree for sale was granted without proof being adduced of certain allegations contained in the bill.
We think it is well settled .by the authorities that a purchaser at a judicial sale has no right to question the regularity of the proceedings had before the decree of sale was entered upon which the purchase was made. He is not a party to the action,,and has no right to appeal nor to prosecute error for any irregularity in the proceedings prior to the decree of sale. He is only brought in connection with the case by his purchase in a collateral way.
This objection is not well taken.
*7 The second objection is that, inasmuch as the title offered to be conveyed by the trustees is simply one of adverse possession, it is not such as the purchaser will be compelled by the court to take.
There can be no question but the title by adverse possession, when' that possession was continued for such period as is required by our Statute of Limitations to bar an action, is as good a title as any. It is a fee-simple title, and is as effective as any otherwise acquired. •
It is, however, a rule of law that- a' purchaser will not be compelled to take a doubtful title, however derived or acquired, and the only question here is .whether the evidence in the case is such as establishes with certainty title by adverse possession in these parties and their predecessors in possession of the premises.
We have carefully examined the evidence and, without stopping to recite or discuss it, are convinced that it shows title for more than forty years in the parties who are represented by the parties in this case.- A perfect title having been shown beyond reasonable doubt in these parties, the purchaser by taking a deed will acquire a good title to the premises.
The order of the court below will be affirmed.